## Chadwick vs. Brown.

A rented a house of B, and he underlet to C, and he left indebted to B, while B was also indebted to A for the rent. B sued out an attachment against C, which was placed in the hands of D, a constable. The property attached was sold by order of a justice of the peace. Before the sale it was agreed between A, B & C, that C should pay to A his debt, and A discharged B of his liability. D sold the goods and received the money and paid it to the justice of the peace previous to the judgment rendered in favor of B. A demanded the money of D which he refused to pay over, the money being in the hands of the justice. An attachment was sued out from another justice of the peace, by other creditors of B, and the first justice of the peace garnisheed, &c. A sued D the constable. Held that he could not recover and that the promise not being in writing was within the statute of frauds.

## Dickenson vs. Chase, et. al.

The assignee of a note given for the purchase money of land, cannot in equity enforce the original lien of the vendor against the land. The equity arises to the vendor but cannot be transferred.

## Smith vs. Barrett.

The bill was demurred to, because the defendant is described as A. G. Smith. If this was an erroneous description the defendant should have pleaded in abatement and given his true name, Albert G. Smith.

## Mattoon vs. Vanater.

If it appears negatively, by the record, that the defendant was not called on a default, or that there was no proof of the indorsement of a note, it is not ground of reversal. In relation to these matters the court below will also be presumed to have complied with the requisitions of the statute, unless the contrary is made manifest by the record.